FHISIHAZION YEMANE

A 215 945 211

Joe Corley detention center

500 Hilbig _road

Conroe, Texas  77301

U.S. COURTS

SEP 16 2019

Recvd____Filed____Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

19-355-CWD

## Submission of habeas corpus

I  request a release the following, the federal law 28 U.S.C. 2254 for my 180 days custody release.

I submitted these along with the habeas corpus copy.

1. Notice of alien custody review 01/29/2019

2. Immigration judge decision December 13th 2018

3. 90 days custody review

4. Decision to continue custody

**All copies of order**

I have complied with all directives of all my custody and seek release base on my completion of 180days custody right to be released.

Presently I have exceeded the custody review and have the right to be released past 60days.

My last custody review date as been attached (December 13th 2018)

_____                                               FHISIHAZION-YEMANE
Signature                                                                  name

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
126 Northpoint Drive
Houston, Texas, 77060



**U.S. Immigration and Customs Enforcement**

YEMANE, Fhisihazion
Immigration and Customs Enforcement
Joe Corley Detention Facility
500 Hilbig
Conroe, Texas 77386

A215 945 211

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about April 14, 2019. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
806 HILBIG RD
CONROE, TX  77301

YEMANE, FHISIHAZION
JDCF
500 HILBIG ROAD
CONROE, TX   77301

In the matter of          File A 215-945-211      DATE: Dec 13, 2018
YEMANE, FHISIHAZION

\_\_ Unable to forward - No address provided.

XX Attached is a copy of the decision of the Immigration Judge. This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:   Board of Immigration Appeals
                                                  Office of the Clerk
                                                  5107 Leesburg Pike, Suite 2000
                                                  Falls Church, VA 22041

\_\_ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your motion must be filed with this court:
                                                  IMMIGRATION COURT
                                                  806 HILBIG RD
                                                  CONROE, TX   77301

\_\_ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available. However, you may file a petition for review within 30 days with the appropriate Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

\_\_ Attached is a copy of the decision of the immigration judge relating to a Credible Fear Review. This is a final order. No appeal is available.

\_\_ Other: _____

                                          _____MA_____
                                          COURT CLERK
                                          IMMIGRATION COURT                  FF

     cc: ASSISTANT CHIEF COUNSEL
         126 NORTHPOINT DR., ROOM 2020
         HOUSTON, TX,  77060

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
HOUSTON, TEXAS

IN RE :

Yemane Fhisihazion  
A# 215-945-211

IN REMOVAL PROCEEDINGS

For the Respondent:  
*Pro Se*

For the Department of Homeland Security:  
Assistant Chief Counsel  
Immigration & Customs Enforcement

### ORDER

The Respondent is a native and native of Ethiopia and a citizen of Eritrea. On October 2, 2018 the Department of Homeland Security issued a Notice to Appear ("NTA") alleging that the Respondent was removable from the United States as an alien who at the time of application for admission did not have the proper paperwork or documents to enter the U.S. At a Master Calendar Hearing on November 19, 2018 the Respondent admitted the factual allegations in the NTA and conceded removability as charged under §212(a)(7)(A)(i)(I) of the Act. The issue of removability has therefore been established by clear and convincing evidence. Respondent requested an opportunity to submit an application for Asylum, Withholding of Removal and Protection under the U.N. Convention Against Torture (I-589). The Court ordered a call-up date for those applications and any other applications for relief to be filed by December 10, 2018. The Court specifically advised the Respondent that a failure to timely submit the applications for relief would constitute an abandonment of relief from removal. To date, the Respondent has not submitted any applications for relief from removal, and no request for an extension of time to submit an application has been received by the Court.

A failure to request relief in accordance with a schedule set by the Immigration Judge constitutes a waiver of the opportunity to file for such relief. 8 C.F.R. § 1003.31(c) (2014) (stating that if an application is not filed within the time limit set by the Immigration Judge, the opportunity to file that application shall be deemed waived). The Board has long held that applications for benefits under the Act are properly denied as abandoned when the alien fails to timely file them. *See Matter of R-R-*, 20 I&N Dec. 547, 549 (BIA 1992); *Matter of Jean*, 17 I&N Dec. 100, 102 (BIA 1979).

Accordingly, the Court deems the Respondents' opportunity to file any applications for relief from removal to be abandoned and waived. There being no other issue pending before the Court, the following Order is entered:

**IT IS HEREBY ORDERED** that the Respondent shall be removed to Eritrea with an alternate order of removal to Ethiopia.

**DONE** and **ORDERED** this 13th day of December, 2018.

_____
G. William Riggs
U.S. Immigration Judge

**APPEAL RIGHTS**: A notice of appeal must be filed with the Board of Immigration Appeals within 30 calendar days of the issuance date of this decision. If the final date for filing the notice of appeal occurs on a Saturday, Sunday, or legal holiday, the time period for filing will be extended to the next business day. If the time period expires and no appeal has been filed, this decision becomes final.

cc: Assistant Chief Counsel
    Counsel for Respondent
    Respondent
Mailed out 12/13/18 By: MK

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name: YEMANE, Fhisihazion | Field Office: Houston, Texas | File #: A215 945 211 |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--
   (A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,
   (B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,
   (C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or
   (D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,
shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

\*   Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: 01/14/2019 | Ordered Removed under Section: 212(a)(7)(A)(i)(I) |
|---|---|

**Record of Personal Service**

| Served By: (Print Name and Title of Officer) P.Wiseman, Deportation Officer | Date: 01-29-2019 |
|---|---|
| Officer's Signature: | Location of Service: Joe Corley Detention Facility (JCDF) |
| Served On: (Alien's Signature) | Date: 01-29-2019 |

( )   Warning administered in Court.
( )   Certified Mail Service

**Record of Personal Service (Cont.)**

Fingerprint of Alien (Specify finger used)

**Attach certified mail receipts here.**

Form I-229(a)
(Revised 12/04/02)

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case.* Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.

- ☐ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.
- ☐ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
- ☐ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.
- ☐ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.
- ☐ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.
- ☐ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.
- ☐ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.
- ☐ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.
- ☐ Provide ICE with written copies of responses from embassies or consulates regarding your requests.
- ☐ Solicit permission from another country, which may be able to accept you, to enter that country to affect your removal from the United States.
- ☐ Provide your true and correct name and date of birth and any other identities you have ever used.
- ☐ Other:_____

Alien's Signature __YEMANE, Fhisihanzion__    A Number: 215 945 211

Served by __Wiseman, Phillip__ on __01-29-2019__ at __Joe Corley Detention Facility (JCDF__
         Officer's Name        Date        Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 04/18/12)

*Office of Enforcement and Removal Operations*
*Houston Field Office*

**U.S. Department of Homeland Security**
126 Northpoint
Houston, Texas 77060



**U.S. Immigration and Customs Enforcement**

YEMANE, Fhisihazion
C/O Immigration and Customs Enforcement
Houston Field Office

A215 945 211

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You were encountered by United States Customs Border Protection while presenting yourself at the Veterans International Bridge, Texas, and placed in Immigration and Customs (ICE), Enforcement and Removal Operations (ERO) custody on September 20, 2018. You were ordered removed by an immigration judge on December 13, 2018. With the issuance of a travel document in process, there is a significant likelihood of you absconding, you're considered to be a flight risk.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by July 01, 2019, jurisdiction of the custody decision will be transferred to the Headquarters Post Order Unit (HQPDU), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
FOD Patrick D. Contreras
Houston Field Office Director

4/11/19
Date